# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (NORTHERN DIVISION)

Case No. AMD-04-CV-438
Bankruptcy Adversary No. 03-05070-JS

IN RE MICHAEL BOGDAN, Debtor
IN RE INNER CITY MANAGEMENT, LLC, Debtor

*(Jointly Administered under Bankruptcy Case No. 000-6-0732-JS)*

SEAN C. LOGAN, CHAPTER 7 TRUSTEE

*Appellant*

*v.*

JOHN K. VOYATZIS, JKV REAL ESTATE SERVICES, INC.
FIDELITY NATIONAL TITLE INSURANCE COMPANY,
AND STEWART TITLE GUARANTY COMPANY

*Appellees*

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

(The Honorable James F. Schneider, Judge)

## BRIEF OF APPELLEE,
## JOHN K. VOYATZIS AND JKV REAL ESTATE SERVICES, INC.

Robert L. Ferguson, Jr., 00777
Ann D. Ware, 23785
FERGUSON, SCHETELICH & BALLEW, P.A.
100 S. Charles Street, Suite 1401
Baltimore, Maryland 21201
(410) 837-2200

Attorneys for Appellee,
John K. Voyatzis and JKV Real Estate Services, Inc.

## TABLE OF CONTENTS

Table of Contents............................................................................................................i

Table of Authorities.......................................................................................................ii

Brief of Appellee............................................................................................................1

Statement of Issues Presented.........................................................................................2

Standard of Appellate Review........................................................................................2

Statement of the Case.....................................................................................................2

Statement of Facts..........................................................................................................4

Argument.........................................................................................................................5

      I.     Whether or not the trustee can assert the claims of individual creditors who have unconditionally assigned their causes of action is irrelevant when it is clear that the debtor himself would not have standing to purse the claims against the third parties with whom he was engaged in wrongdoing

Conclusion.....................................................................................................................10

## TABLE OF AUTHORITIES FEDERAL CASES

In re A.R. Baron & Co.,
 280 **B.R.** 797 (Bankr.S.D.N.Y. 2002)...................................................................................7

Caplin v. Marine Midland Grace Trust Co. of New York,
 406 U.S. 416, 92 St.Ct. 1678, 32 L.Ed. 2d 195 (1972)......................................................6,7

Creditors Trust v. Bairnco Corp. (In re Lippe),
 218 **B.R.** 294 (S.D.N.Y. 1998)...........................................................................................7

Finova Capital Corp. v. Lawrence,
 2000 WL 1808276 (N.D. Texas 2000)................................................................................8,9

Keilisch v. Education Credit Management Corp.,
 258 F.3d 315 (4th Cir.) 2001................................................................................................2

Koch Refining v. Farmers Union Central Exchange,
 831 F.2d 1339 (7th Cir. 1987)...............................................................................................6

Lawrence v. Jackson Mack Sales, Inc.
 837 F. Supp. 771 (S.D. Miss. 1992) *aff'd,* 42 F.3d 64
 (5th Cir. 1994)........................................................................................................................9

Matter of Wischan,
 77 F. 3d 875 (5th Cir. 1996).................................................................................................9

National City Bank of Minneapolis v. Lapides (In re Transcolor)
 296 **B.R.** 343 (Bankr. D. MD. 2003)................................................................................8

In re Ozark Restaurant Equipment Co.
 816 F.2d 1222 (8th Cir.), *cert. denied*, 108 S.Ct. 147 (1987)..............................................6

Stratton v. Miller,
 113 **B.R.** 205 (D.Md. 1989)...............................................................................................7

Stratton v. Sacks,
 99 **B.R.** 686 (D.Md. 1989).................................................................................................5

Terlecky v. Abels,
 260 **B.R.** 446 (S.D. Ohio, 2001)......................................................................................9

Tese-Milner v. Beeler (In re Hampton Hotel Investors, L.P.)
 289 **B.R.** 563 (Bankr. S.D.N.Y. 2003).............................................................................8

Williams v. California 1st Bank,
     859 F. 2d 664 (9th Cir. 1988)...........................................................................................6,7

## FEDERAL STATUTES

11 U.S.C. §704(1)............................................................................................................9

## FEDERAL RULES

Fed.R.Bankr.P. 8001........................................................................................................2
Fed.R.Bankr.P. 8013........................................................................................................2

iii

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

---

### Case No. AMD-04-CV-438
### Bankruptcy Adversary No. 03-05070-JS

---

### IN RE MICHAEL BOGDAN, Debtor
### IN RE INNER CITY MANAGEMENT, LLC, Debtor

*(Jointly Administered under Bankruptcy Case No. 000-6-0732-JS)*

---

### SEAN C. LOGAN, CHAPTER 7 TRUSTEE

*Appellant*

*v.*

### JOHN K. VOYATZIS, JKV REAL ESTATE SERVICES, INC.
### FIDELITY NATIONAL TITLE INSURANCE COMPANY,
### AND STEWART TITLE GUARANTY COMPANY

*Appellees*

---

### BRIEF OF APPELLEE

John K. Voyatzis and JKV Real Estate Services, Inc., by their attorneys, submit the Brief of Appellees, John K. Voyatzis and JKV Real Estate Services, Inc. in reply to Sean C. Logan, Chapter 7 Trustee in the Bankruptcy Estates of Michael Bogdan, a/k/a Andrew Michael Bogdan, Jr., and Inner City Management, LLC appeal to this Court from the United States Bankruptcy Court's Order Dismissing Complaints with Prejudice on October 7, 2003 and docketed by the Clerk on December 2, 2003.

1

## STATEMENT OF THE ISSUES PRESENTED

1.     Did the bankruptcy court correctly find that whether or not the trustee can assert the claims of individual creditors who have unconditionally assigned their causes of action is irrelevant when it is  clear that the debtor himself would not have standing to pursue the claims against the third parties with whom he was engaged in wrongdoing?

## STANDARD OF APPELLATE REVIEW

The applicable standard of appellate review is found in Bankruptcy Rule 8013, which provides:

> On an appeal the district court...may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings.  Findings of fact whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

With respect to a bankruptcy judge's conclusions of law, the district court's review is *de novo*. *Keilisch v. Education Credit Management Corporation, 2*58 F.3d 315 (4th Cir. 2001).

## STATEMENT OF THE CASE

1.  This appeal stems from a Complaint originally filed by the bankruptcy trustee for Michael Bogdan (hereinafter "Bogdan") and Inner City Management, LLC (hereinafter "Inner City"), a company previously owned and operated by Bogdan.  The original action was brought against forty-six (46) Defendants, including Appellees JKV Real Estates Services, Inc (hereinafter "JKV") and John K. Voyatzis (hereinafter "Voyatzis").

2.   After being served with the original Complaint, the majority of the Defendants filed Motions to Dismiss the Complaint.

3.  By Order of the Court, the original Complaint was dismissed and thereafter the

2

Trustee filed five (5) separate Amended Complaints, one being this case.

      4.  The allegations in the five (5) amended complaints were basically identical except for the fact that different defendants were alleged to have committed the wrongdoings.

      5.  All of the bankruptcy trustee's claims and allegations contained in the Amended Complaint arose out of an alleged scheme that was devised by and operated by debtor Bogdan and Inner City.

      6.  On March 1, 2001, Debtor Bogdan entered into a plea agreement in which he pled guilty to a criminal information in which he was charged with conspiracy to commit mail fraud and wire fraud and to make false statements in violation of Title 18 U.S.C. §371.

      7.  Bogdan admitted in his plea agreement that starting in 1997 and continuing through 2001, he entered into a conspiracy with several others to defraud a number of mortgage lenders.

      8.  In the Amended Complaint, the Trustee sought to recover the funds that the debtor and the Appellees allegedly fraudulently obtained from mortgage lenders.

      9.  On February 21, 2003, Appellees Voyatzis and JKV filed a Motion to Dismiss and supporting Memorandum.  On this same day, Fidelity National Title Insurance Company (hereinafter "Fidelity") filed a Motion to Dismiss and supporting Memorandum.  (Tab #2-5)

      10.  Appellant responded to the  Motions to Dismiss by filing an Opposition on March 13, 2003.  (Tab #6-7)

      11.  On March 26, 2003 JKV and Voyatzis filed a Reply to Trustee's Memorandum in Opposition to Motion to Dismiss (Tab #8).

      12  On April 18, 2003, Stewart Title Guaranty Company (hereinafter "Stewart") filed a Motion to Dismiss.  (Tab #9)

3

13. On May 27, 2003, Appellant filed an Opposition to Stewart's Motion to Dismiss. (Tab #10)

14. On April 28, 2003, a Hearing was held on the Appellees' Motions to Dismiss as well as the Motions to Dismiss filed by a number of other parties who were defendants in the original action and subsequent defendants in the related amended complaints. (Tab #11)

15. After hearing extensive argument on the Motions to Dismiss, the Honorable James F. Schneider granted the Motions to Dismiss. Judge Schneider then set forth the reasons for granting the Motions to Dismiss and further stated that he would prepare a short Opinion on the reasons why he granted the Motions to Dismiss. (Tab #11, pg. 99)

16. On October 7, 2003, Judge Schneider issued an Order Dismissing Complaints With Prejudice and simultaneously filed a Memorandum Opinion Granting Defendants' Motion To Dismiss Amended Complaints. Listed on both the Order and the Memorandum are all five of the related adversary proceedings, including Adversary Proceeding , Sean C. Logan v. John K. Voyatzis, et al, Adv. Pro.No. 03-5070-JS  (Tab #12).

17. The Order granting the Motions to Dismiss and the accompanying Memorandum are set forth on the Court docket as entered on October 7, 2003. (Tab #15)

18. Due to a clerical error, the Order Dismissing the Complaints with Prejudice was not actually docketed until December 3, 2003. (Tab #15)

19. Appellant noted an appeal on December 12, 2003. (Tab #13)

## STATEMENT OF FACTS

1. The Amended Complaint was filed by the Trustee of the debtor's estate to recover money that the Debtor, allegedly with the help of the Appellees, wrongfully took from mortgage lenders, who are creditors of the estate.

4

2. The Debtor entered into a plea agreement in which he pled guilty to a criminal information. He admitted in his plea agreement that starting in 1997 and continuing until 2001 he entered into a conspiracy with several others to defraud a number of mortgage lenders.

3. Appellee Voyatzis is a settlement agent who handled a number of the settlements which are alleged to have defrauded the mortgage lenders of certain sums of money.

4. Appellee Voyatzis worked for JKV Real Estate Services, Inc.

5. Debtor alleges that Voyatzis and JKV worked in concert with him and others to defraud a number of mortgage lenders.

6. Appellant received Assignments of Interest from the mortgage lenders who were allegedly defraud by the Debtor and the Appellees.

## ARGUMENT

**Whether or not the trustee can assert the claims of individual creditors who have unconditionally assigned their causes of action is irrelevant when it is clear that the debtor himself would not have standing to pursue the claims against the third parties with whom he was engaged in wrongdoing.**

A trustee stands in the shoes of the debtor and has no greater rights than the debtor. *Stratton v. Sacks*, 99 B.R. 686 (D.Md. 1989).  In this case, the debtor has admitted to being involved in a fraudulent scheme to defraud the mortgage lenders, who are creditors of his estate. The Amended Complaint alleges that the Appellees participated in the fraudulent scheme with the Debtor.  Given the Debtors' participation in the fraud, the Trustee can not argue that the Debtor, or the Debtor's estate suffered harm, because the Debtor was the one that caused the harm. Appellant tries to diminish this glaring problem with his lawsuit by arguing that he is not pursuing the action on behalf of the Debtor, but rather he has received assignments from the mortgage

5

lenders and therefore has the right to pursue the third parties who were allegedly engaged in the wrongdoing with the Debtor.

The Assignment of Interest from the mortgage lenders does not change the fact that the Appellant can not bring the cause of action against Appellees. It is undisputed that a Trustee is not authorized to pursue and attempt to collect money that does not belong to the estate. *Caplin v. Marine Midland Grace Trust Company*, 406 U.S. 416(1972).[1] The fact that the Trustee received assignments does not change this. *Williams v. California 1ˢᵗ Bank*, 859 F.2d 664 (9ᵗʰ Cir. 1998). In *Williams v. California 1ˢᵗ Bank*, the United States District Court for the District of California held that a Chapter 7 trustee lacked standing to bring suit against a bank on behalf of debtor's creditors, even though creditors assigned to the trustee their claims arising from the bank's alleged participation in, knowledge of, and approval of debtor's "Ponzi" scheme. In finding that the Trustee lacked standing to sue, the Court looked to three factors identified in *Caplin v. Marine Midland Grace Trust Company*, 406 U.S. 416 (1972) to assess a trustee's standing to sue. The three factors are: 1). Who is the real party in interest?; 2). Would the debtor have his own claim against the defendant?; and 3). Is there the possibility of inconsistent results? *Id.* 428-432. In *Williams*, the Court found that the creditors who had assigned their interest remained the real parties in interest because they would receive the bulk of any recovery. The Court further found that the debtor would not have an independent cause of action against the bank because he was engaged in the wrongdoing. Lastly, the court noted that there was the possibility for inconsistent results because not all of the

---

[1]  The *Caplin* case was decided prior to Congress rewriting the Bankruptcy Code in 1978, yet was subsequently determined to remain the law under the revised Bankruptcy Code. *In Re Ozark Equip. Co.,* 816 F.2d 1227, 1227 (8ᵗʰ Cir. 1987); *Koch Refining v. Farmers Union Central Exchange*, 831 F.2d 1339, 1347-48 (7ᵗʰ Cir. 1987); *Williams v. California 1ˢᵗ Bank*, 859 F.2d 664 (1988).

creditors had assigned their interests to the estate. Having found that the case would be defeated under the *Caplin* factors, the court went on to note:

> Although we are mindful that, unlike *Caplin*, the creditors here assigned their claims to the Trustee, we do not think the mere fact of assignment in order to allow the Trustee to pursue the claims of the creditors sufficiently distinguished this case to allow of a different result. Evaluating the Trustee's claim in light of the three concerns that informed the Court's holding in *Caplin* reveals that substantially the same problems exist.

*Id.* at 666.

It is undisputed that the money that the Trustee is attempting to collect is money for the debtor's estate and that a Trustee can not collect money that does not belong to the estate. Any money that could be collected from the Appellees is not money that belongs to the estate. Viewing the *Caplin* factors in light of the facts of this case, the Trustee did not have standing to bring the Amended Complaint. First, in this case, the mortgage lenders are the largest creditors of the estate. The bulk of any recovery would go to them. In reality, then, the creditors have assigned their claims only for the purposes of bringing suit. As a result, the Trustee, as in *Caplin*, is attempting to collect money not owed to the estate. *Williams*, 859 F.2d at 666. Most importantly, the debtor could not pursue an action against Appellees. The Debtor was the alleged mastermind behind the alleged fraudulent activity. Under the doctrine of *in pari delicto* and the doctrine of unclean hands, the debtor would have no cause of action against the Appellees. Therefore, the Trustee also lacks standing. "When a debtor has joined with a third party in defrauding creditors, the trustee cannot recover against the third party for the damage to the creditors". *A.R. Barron*, 280 B.R.794 (2002); *Creditors Trust v. Bairnco Corp., (In re Lippe)* 218 B.R. 294, 301 (S.D.N.Y. 1998)(when a bankrupt corporation has joined with a third party in defrauding its creditors, the trustee cannot recover against the third party

for the damage to the creditors); *Stratton v. Sacks*, 99 B.R. 686 (D.Md. 1989); *Stratton v. Miller*, 113 B.R. 205 (D.Md. 1989). As The Honorable James Schneider set forth in this Memorandum Opinion:

> The cause of action belongs exclusively to the injured creditors of the bankruptcy estate and not to the debtor's estate, because absent the bankruptcy case, the debtors had no standing to sue the defendants. Because the instant suit is not premised upon injury to the estate, the trustee is not the proper plaintiff to bring suit. *National City Bank of Minneapolis v. Lapides, (In re Transcolor)*, 296 B.R. 343, 367 (Bankr. D.Md. 2003)

(Tab 12 of Index, Bankr. Ct. Docket No. 15). Therefore, Whether the Appellant received Assignments or not, the cause of action can not be pursued because the claims are not those of the debtor. *Tese-Milner v. Beeler* (In re Hampton Hotel Investors, L.P.), 289, B.R. 563, 574 (Bankr. S.D.N.Y. 2003)..

The Appellant puts his reliance on the case of *Finova Capital Corp. v. Lawrence*, 2000 WL 1808276 (N.D. Tex. 2000). This reliance is misplaced. In *Finova*, a civil action was brought by Finova Capital against eleven former officers and directors of AmeriTruck. Finova accused the Defendants of negligent misrepresentation and breach of fiduciary duties in connection with a Fifty-Eight Million Dollar loan made to AmeriTruck. Under the terms of the loan, AmeriTruck was to submit daily and monthly financial reports. Finova alleged that AmeriTruck provided false documents in regards to their financial status. AmeriTruck eventually filed for bankruptcy. Finova alleged that the Defendants caused the debtors in possession to enter into additional transactions and monetary transfer rather than preserve the assets for creditors. While Finova was in the midst of its' suit against AmeriTruck, it entered into a settlement agreement with the Trustee for the estate of AmeriTruck. The settlement agreement with the Trustee gave the Trustee authority to pursue the

claims of Finova. After having reached this agreement, Finova and the Trustee moved to substitute the Trustee as the Plaintiff in the case.

The Finova case is different than the case at hand in several respects. First, the *Finova* case was not pending in the United States Bankruptcy Court, it was pending in the United States District Court for the Northern District of Texas. Additionally, the creditor was the entity that originally filed suit, not the Bankruptcy Trustee. In *Finova*, the Trustee merely moved to be substituted as the Plaintiff in the case. However, even in this regard, the Court did not allow the substitution of counsel. The Court held that both the Trustee and Finova would be parties to the lawsuit. What is also strikingly different in the *Finova* case is that the debtor, AmeriTruck, could have sued the Defendants that Finova sued. The corporation could have sued the former officers and directors itself. In this case, it has already been admitted by Appellant that the debtor would not have a cause of action against Appellees JKV or Voyatzis. The *Finova* case can not be relied on by Plaintiff as support for Appellant's position that the assignment gives the Appellant standing to sue. What Finova can be used for is the proposition that:

> **Under the Bankruptcy Code, a trustee is empowered to collect and preserve "property of the estate."** 11 U.S.C.Section704(1). **Claims belonging to the debtor are property of the estate.** See *Matter of Wischan* 77 F.3d 875, 877 (5th Cir. 1996); *Lawrence v. Jackson Mack Sales, Inc.*, 837 F.Supp. 771, 779 (S.D. Miss. 1992), aff'd, 42 F.3d 642 (5th Cir. 1994).

*Id.* at 2. The Debtor did not have a claim against the Appellees and therefore the trustee can not pursue a claim against the Appellees. The trustee would not be collecting property of the estate and therefore the Bankruptcy Court was correct in dismissing the Amended Complaint with prejudice.

Appellant reliance on the case of *Terlecky v. Abels*, 260 B.R. 446 (2001) is also misplaced. This is a case that addresses the issue of a trustee's avoidance powers. Specifically, the issue

9

presented was whether the trustee lacked standing to prosecute an avoidance action based upon the doctrine of *in pari delicto*. In the *Terlecky* case, the Chapter 7 trustee brought an adversary proceeding to avoid, as a fraudulent transfer under Ohio and federal bankruptcy law, commissions payments made by debtors to brokers whom they used to operate a Ponzi scheme. All of the language Appellant relies upon in the *Terklecky* opinion relates to a discussion of the trustee's avoidance powers. A trustee's avoidance powers are not at issue in this case. The Bankruptcy Court made no ruling addressing the trustee's avoidance powers, when it granted the Appellees' Motions to Dismiss. The trustee's avoidance powers have no bearing on this case, and thus Appellant's reliance of *Terlecky* is misplaced.

## CONCLUSION

The Trustee does not have standing to pursue a cause of action against the Appellees whether he is pursuing it is his own right as trustee or as assignor of a creditors when it is clear that the debtor himself would not have standing to pursue the claims against the Appellees with whom he was engaged in wrongdoing.

FERGUSON, SCHETELICH & BALLEW, P.A.

By:      /s/
         Robert L. Ferguson, Jr.
         Federal Bar No. 00777
         Ann D. Ware
         Federal Bar No. 23785
         100 S. Charles Street, Suite 1401
         Baltimore, MD 21201-2725
         (410) 837-2200
         *Attorneys for JKV Real Estate Services, Inc.*
         *and John K. Voyatzis*

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2004 a copy of the foregoing was mailed, first class, postage pre-paid to:

Michael Bogdan
813 Pine Creek Way
Abingdon, MD 21009

Inner City Management, LLC
813 Pine Creek Way
Abingdon, Maryland 21009
Sean Logan, Esquire
Haire Logan, LLP
2530 Riva Road, Suite 308
Annapolis, Maryland 21401

Office of the U.S. Trustee
Marsh & McLennan Building
300 West Pratt Street, Suite 350
Baltimore, MD 21201

_____/s/_____
Attorneys for JKV Real Estate Services, Inc.
and John K. Voyatzis

11